KARLA SOARES,

      Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

      Defendant.

_____/

## ORDER ON MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiff Karla Soares' ("Plaintiff") Motion to Remand, ECF No. [11] ("Motion"). Defendant Scottsdale Insurance Company ("Defendant") filed its Response in Opposition, ECF No. [17] ("Response"), to which Plaintiff did not reply. The Court has considered the Motion, the Response, the record in this case, the applicable law and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.      BACKGROUND

Plaintiff filed her Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking damages for breach of contract based on an insurance policy issued by Defendant. ECF No. [5-1] at 4-5. Plaintiff alleged that the damages in this action were in excess of $15,000.00, exclusive of interest, costs, and attorney's fees. *Id.* at 4. In addition to damages, the Complaint sought to recover attorney's fees pursuant to Florida Statutes, § 627.428(1). *Id.* at 5.

On June 11, 2019, Defendant filed its Notice of Removal on the basis of diversity jurisdiction. ECF No. [1]. Plaintiff now files the instant Motion seeking to remand the action back

to state court, arguing a lack of diversity jurisdiction because the amount in controversy does not exceed $75,000.00. ECF No. [11].

## II.  LEGAL STANDARD

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.* A party may remove the action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360.

Through this lens, the Court addresses the Motion.

## III.    DISCUSSION

Plaintiff's Motion asserts that this case should be remanded back to state court because the $75,000.00 amount in controversy requirement to satisfy diversity jurisdiction has not been met. However, before examining the jurisdictional issue, the Court first addresses Defendant's procedural argument that Plaintiff's Motion failed to comply with Local Rule 7.1(a)(1).

### A.    Plaintiff's Failure to Comply with Local Rule 7.1(a)(1)

As an initial matter, Defendant asserts that Plaintiff's Motion should be denied for failure to comply with Local Rule 7.1(a)(1), which requires "a memorandum of law citing supporting authorities" to be incorporated into motions to remand filed before this Court. S.D. Fla. L.R. 7.1(a)(1). Upon examination, Plaintiff's Motion contains sparse citations to the applicable

provisions of the United States Code and fails to include any further "memorandum of law citing supporting authorities," as required by Rule 7.1(a)(1). *Id.* As such, the Court reemphasizes the importance of litigants' adherence to its Local Rules and reminds Plaintiff of the obligation to clearly set forth a legal basis for any arguments presented through adequate citations to supporting legal authorities. *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("A litigant who fails to press a point by supporting it with pertinent authority . . . forfeits the point. The court will not do his research for him." (internal quotations omitted)).

However, to the extent that Plaintiff did establish a legal basis for the Motion through citations to the U.S. Code, the Court proceeds with its amount in controversy analysis.

### B.      Amount in Controversy Requirement

Plaintiff argues that this case should be remanded because Defendant has failed to meet the amount in controversy requirement, based on her updated damages estimate of $60,704.47 generated on July 10, 2019, that Plaintiff submitted as an attachment to the Motion. ECF No. [11] at 3-15. In its Response, Defendant responds that the Court should consider Plaintiff's initial damages estimate, dated May 22, 2018, of $74,395.60 in its analysis, alongside reasonable attorney's fees authorized under Florida Statutes, § 627.428(1). Defendant further posits that even if the Court considers the updated estimate, including a reasonable amount of attorney's fees, the amount in controversy would satisfy the $75,000.00 requirement. The Court considers each argument in turn.

### i.      Amount in Controversy at the Time of Removal

When examining the amount in controversy requirement under diversity jurisdiction, the Court considers the amount at issue *at the time of removal*. *Pretka*, 608 F.3d at 751; *Miedema*, 450 F.3d at 1330; *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360. Therefore, this Court must assess the amount

in controversy as of the date of removal in this case—June 11, 2019. However, where, as here, the amount in controversy is not apparent from the face of the Complaint, the Court may consider other evidence relevant to the amount in controversy. *See* ECF No. [5-1] at 4; *Miedema*, 450 F.3d at 1330. The Court may consider a wide variety of evidence on the amount in controversy, such as "affidavits, declarations, or other documentation," in addition to making reasonable inferences and applying its own judicial experience. *Pretka*, 608 F.3d at 755; *see also Roe*, 613 F.3d at 1061-62.

Plaintiff appends an updated damages estimate to the Motion, which was generated on July 10, 2019. ECF No. [11] at 3-15. In addition, Defendant's Response includes Plaintiff's original damages estimate, dated May 22, 2018. ECF No. [17-1]. In light of the fact that the amount in controversy is determined at the time of removal — here, June 11, 2019 — the Court considers the original May 22, 2018, estimate to be the applicable amount at the time of removal, rather than the updated estimate generated after the removal date. *Pretka*, 608 F.3d at 751; *Miedema*, 450 F.3d at 1330; *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360. Thus, the Court bases its amount in controversy analysis on the $74,395.60 in estimated damages.

### ii. Statutory Award of Attorney's Fees

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *DO Rests., Inc.*, 984 F. Supp. 2d at 1345. "The evidence provided must establish by a preponderance of the evidence that the attorney's fees are not speculative, however the evidence does not need 'to establish the amount in controversy beyond all doubt or banish all uncertainty about it.'" *DO Rests., Inc.*, 984 F. Supp. 2d at 1345 (quoting *Pretka*, 608 F.3d at 755). Section 627.428(1) of the Florida Statutes authorizes the recovery of attorney's fees as follows:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1). If Plaintiff were to prevail in this action, she would be entitled to an award of attorney's fees under § 627.428(1).[1] Therefore, this Court may properly consider reasonable attorney's fees in its analysis of the amount in controversy. *See Morrison*, 228 F.3d at 1265.

### iii. Amount in Controversy Analysis

As explained above, the Court considers Plaintiff's damages, exclusive of attorney's fees, at the time of removal to be the $74,395.60 amount provided in the May 22, 2018, estimate report. ECF No. [17-1]. Moreover, under § 627.428(1) of the Florida Statutes, Plaintiff is entitled to an award of attorney's fees, should she prevail in this action. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison*, 228 F.3d at 1265; *see also Missouri State Life Ins. Co.*, 290 U.S. at 202; *DO Rests., Inc.*, 984 F. Supp. 2d at 1345. Therefore, in light of the $74,395.60 damages estimate, excluding attorney's fees, and the statutory award of attorney's fees to the prevailing party, the Court can reasonably infer that Plaintiff has accrued the remaining $604.41 in attorney's fees, as of the date of removal. *See Roe*, 613 F.3d at 1061-62 ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the

---

[1] The Court acknowledges the split across district courts in the Eleventh Circuit on whether reasonable attorney's fees included in the amount in controversy consist only of those fees already accrued at the time of removal or of a reasonable projection of attorney's fees through trial. *Compare DO Rests., Inc.*, 984 F. Supp. 2d at 1345, *with Bender v. GEICO Gen. Ins. Co.*, No. 8:17-CV-872-T-33TBM, 2017 WL 1372166, at *1 (M.D. Fla. Apr. 17, 2017). However, the Court need not take a position on this issue because, when applying the $74,395.60 estimate from the time of removal, the amount in controversy exceeds $75,000.00 under either interpretation.

pleadings to determine whether it is facially apparent that a case is removable." (quoting *Pretka*, 608 F.3d at 754)). The mere drafting and filing of Plaintiff's Complaint in state court and the instant Motion before this Court reasonably could have resulted in over $600.00 in attorney's fees. Thus, the Court concludes that the amount in controversy in the instant action exceeds the $75,000.00 requirement to establish diversity jurisdiction.

As such, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that it has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). At the time of removal, the parties were diverse and the amount in controversy exceeded $75,000.00. Plaintiff's arguments are insufficient to provide a basis for remand. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [11]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 8, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record